## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 23-15483-LMI |
| ATLANTIC RADIO TELEPHONE, INC., | CHAPTER 11 |
| Debtor. | |

## DEBTOR'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 6006

> **THIS MOTION IS AN OMNIBUS MOTION TO ASSUME CERTAIN EXECUTORY CONTRACTS. PLEASE LOCATE YOUR NAME AND INFORMATION LISTED ON THE ATTACHED EXHIBIT "A" INCLUDING, WITHOUT LIMITATION, FOR PURPOSES OF DETERMINING WHETHER THE DEBTOR BELIEVES THAT ANY CURE AMOUNT IS OWED AS A CONDITION TO ASSUMING SUCH EXECUTORY CONTRACT.**

**COMES NOW** the Debtor, ATLANTIC RADIO TELEPHONE, INC., by and through its undersigned counsel, and files this *Omnibus Motion for Entry of Order Authorizing Assumption and Assignment of Executory Contracts Pursuant to 11 U.S.C. § 365 and Federal Rule of Bankruptcy Procedure 6006* (the "Motion"), and states as follows:

## GENERAL BACKGROUND

1.     On July 13, 2023, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code. The Debtor remains in possession of its assets and is operating its business as a debtor-in-possession pursuant to the authority of 11 U.S.C. §§ 1107 and 1108.

2.     On June 10, 2024, the Court issued the *Order Granting Debtor's Motion for the Entry of Order (A) Authorizing the Sale of Debtor's Assets Free and Clear of Claims, Liens, Interests, and Encumbrances; (B) Authorizing Assumption and Assignment of Designated*

1

*Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* [ECF No. 198] (the "Sale Order").

3.        In accordance with the Sale Order, the Court authorized, among other things, the assumption and assignment of certain executory contracts designated by the Purchaser.

4.        In further accordance with the Sale Order, the Court made the following finding and conclusion with respect to previously designated executory contracts:

The Purchaser has provided adequate assurances of future performance under the Assumed Agreements pursuant to section 365(b)(1) of the Bankruptcy Code, including that Network Innovations US Inc. (the "Guarantor") shall serve as guarantor of all obligations of Purchaser under the Assumed Agreements from and after Closing. The proposed assumption and assignment of the Assumed Agreements satisfies the requirements of the Bankruptcy Code, including, inter alia, sections 365(b)(1) and 365(b)(3) of the Bankruptcy Code to the extent applicable.

*See* Sale Order, p.12, ¶16.

5.        Although not originally designated, the Purchaser has identified additional contracts to be assumed and assigned by the Debtor. These agreements are identified on the attached **Exhibit "A"** (collectively, the "Agreements").

### RELIEF REQUESTED

6.        The Debtor respectfully requests that the Court (a) authorize the Debtor's assumption and assignment of the Agreements to the Purchaser, (b) find and determine the Purchaser has or can provide adequate assurances of future performance, as previously noted in the Sale Order, and (c) determine that the cure amounts disclosed on the attached Exhibit "A" are binding on the parties in the absence of any objection.

<u>**ARGUMENTS AND LEGAL AUTHORITY**</u>
<u>**IN SUPPORT OF RELEF**</u>

7.      Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a).  Courts routinely approve motions to assume contracts or unexpired leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment.  *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36 (3d Cir. 1989); *In re H.M. Bowness, Inc.*, 89 B.R. 238 (Bankr. M.D. Fla. 1988) ("Ordinarily, the decision to assume or reject an executory contract is left entirely to the debtor. Upon proper motion, the court should give perfunctory approval of the decision subject only to review under the business judgment rule").

8.      Courts generally do not second guess a debtor's business judgment concerning the assumption of an executory contract or unexpired lease.  *See In re Trans World Airlines, Inc.,* 261 B.R. 103 (Bankr. D. Del. 2001); *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043 (4th Cir. 1985); *In re Health Science Products, Inc.,* 191 B.R. 895 (Bankr. N.D. Ala. 1995) (the "Issue thereby presented for determination by the bankruptcy court is whether the decision of the debtor is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice").

9.      The Debtor believes the proposed assumption and assignment of the Agreements in the best interests of the estate, as the Purchaser has identified and requested that the Agreements be assumed and assigned as part of the transaction approved by the Sale Order.

10.     Section 365(b) provides that, in the event of a default, the Debtor must cure, or provide adequate assurance of their ability to cure, any default, as well as provide adequate assurance of their ability to perform in the future under the executory contract or unexpired lease.

11.     The Debtor does not believe that any defaults exist under the Agreements and, therefore, no cure amount is necessary.  Furthermore, the meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction."  *See Carlisle Homes, Inc. v. Arrari (In re Carlisle Homes, Inc.),* 103 B.R. 524, 538 (Bankr. D.N.J. 1989); *see also In re Natco Indus., Inc.*, 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (adequate assurance of future performance does not mean absolute assurance).

12.     Among other things, adequate assurance may be given demonstrating that the assignee's financial health and experience in managing the type of enterprise or property assigned. *See In re Bygaph, Inc.,* 56 B.R. 596, 605-606 (Bankr. S.D.N.Y. 1986) (adequate assurance of future performance is present when prospective assignee has financial resources and expressed willingness to devote sufficient funding to business to give it a strong likelihood of succeeding).

13.     Here, the Court has already determined that the Purchaser can and has provided adequate assurance of future performance, including, without limitation, by virtue of the guarantee provided by Network Innovations US Inc.

14.     Consequently, the Debtor can demonstrate adequate assurances of future performance.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order granting the

Motion, the proposed form of which is attached to this Motion as **Exhibit "B",** as well as granting

any other and further relief that the Court may deem just and proper.

> SEESE, P.A.
> Attorneys for Debtor-in-Possession
> 101 N.E. 3rd Avenue
> Suite 1500
> Ft. Lauderdale, Florida 33301
> Telephone No.: (954) 745-5897
> mseese@seeselaw.com
>
> By: _____ *s/Michael D. Seese* _____
> Michael D. Seese, Esq.
> Fla. Bar No. 997323

5

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion has been

served electronically *via* CM/ECF upon all parties entitled to receive electronic notice on the

date filed.

<u>*/s/ Michael D. Seese, Esq.*</u>
Michael D. Seese
(FBN 997323)

**EXHIBIT "A"**

***List of Agreements***

**AGREEMENTS**

| *Counterparty* | *Type of Contract* | *Cure Amount* |
|---|---|---|
| Affirm<br>650 California Street<br>FL 12<br>San Francisco, CA 94108-2716 | Third Party Financing Company – option included on the Debtor's website | $0.00 |
| Authorize.net<br>PO Box 8999<br>San Francisco, CA 94128-8999 | Payment Processing | $0.00 |
| Amazon.com<br>PO Box 81226<br>Seattle, WA 98108 | Seller central account | $0.00 |
| Comcast<br>1701 JFK Boulevard<br>Philadelphia, PA 19103 | Internet | $0.00 |
| FreedomPay, Inc.<br>Attn: Contract Admin<br>FMC Tower at Cira Centre South<br>2929 Walnut Street<br>Floor 14<br>Philadelphia, PA 19104 | Payment Processing | $0.00 |
| Iridesco (d/b/a Harvest)<br>2248 Broadway<br>#1103<br>New York, NY 10024 | IT system - scheduling | $0.00 |
| Microsoft<br>920 Fourth Avenue<br>Suite 2900<br>Seattle, WA 95104 | IT Software | $0.00 |

**EXHIBIT "B"**

*Proposed Order*

\

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 23-15483-LMI |
| ATLANTIC RADIO TELEPHONE, INC., | CHAPTER 11 |
| Debtor. | |

<u>**ORDER GRANTING
DEBTOR'S OMNIBUS MOTION FOR ENTRY OF ORDER AUTHORIZING
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS PURSUANT TO
11 U.S.C. § 365 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 6006**</u>

**THIS MATTER** came before the Court on _____, 2024 upon the

scheduled hearing (the "<u>Hearing</u>") on the Debtor's[1] *Omnibus Motion for Entry of Order*

*Authorizing Assumption and Assignment of Executory Contracts Pursuant to 11 U.S.C. § 365 and*

---

[1] Unless defined herein, defined terms shall have the meanings ascribed to such terms in the Motion.

*Federal Rule of Bankruptcy Procedure 6006* [ECF No.    ] (the "Motion"), and the Court, having

reviewed the file, having found good and sufficient cause exists in support of the relief requested,

based on the entire record of the Hearing, and being otherwise fully advised in the premises, it is

        **ORDERED** as follows:

1.      The Motion is GRANTED as provided herein.

2.      The Debtor is authorized to assume and assign the Agreements to the Purchaser.

3.      The Cure Amounts included on Exhibit "A" to the Motion are binding on the parties to the Agreements.  The counterparties to the Agreements shall be, and hereby are, forever barred and enjoined from raising and asserting any claims against the Purchaser, the Debtor, or the Debtor's estate, including, where applicable, based on cure claims arising from, or relating to, the Agreements.

4.      To the extent necessary, the automatic stay in effect pursuant to 11 U.S.C. § 362(a) is modified for purposes of implementing the provisions of this Order.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:

Michael D. Seese, Esq.
Seese, P.A.
101 N.E. 3rd Avenue, Suite 1500
Ft. Lauderdale, FL 33301
Telephone No.: (954) 745-5897
mseese@seeselaw.com

Copies to:

Michael D. Seese, Esq., who is directed to serve a copy of this Order upon all non-registered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.