UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| IN RE:<br><br>ART OLDCO, INC. (f/k/a ATLANTIC RADIO TELEPHONE, INC.),<br><br>    Debtor. | CASE NO. 23-15483-LMI<br><br>CHAPTER 11 |
|---|---|

**DEBTOR'S MOTION FOR ORDER AUTHORIZING
SALE OF OBSOLETE INVENTORY FREE AND CLEAR
OF CLAIMS, LIENS, INTERESTS, AND ENCUMBRANCES
PURSUANT TO 11 U.S.C. §§ 363(b) AND (f)**

**COMES NOW** the Debtor, ART OLDCO, INC. (f/k/a Atlantic Radio Telephone, Inc.), by and through its undersigned counsel, and files this *Motion for Order Authorizing Sale of Obsolete Inventory Free and Clear of Claims, Liens, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and (f)* (the "Motion"), and states as follows:

**GENERAL BACKGROUND**

1.    On July 13, 2023, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code. The Debtor remains in possession of its assets and is operating its business as a debtor-in-possession pursuant to the authority of 11 U.S.C. §§ 1107 and 1108.

2.    On June 10, 2024, the Court issued the *Order Granting Debtor's Motion for the Entry of Order (A) Authorizing the Sale of Debtor's Assets Free and Clear of Claims, Liens, Interests, and Encumbrances; (B) Authorizing Assumption and Assignment of Designated Executory Contracts and Unexpired Leases; and (C) Granting Related Relief* [ECF No. 198] (the "Sale Order").

1

3.  In accordance with the Sale Order, the Court authorized, among other things, the Debtor to sell (the "Sale") substantially all of the Debtor's assets to Network Innovations FL Inc. ("Purchaser").

4.  The Sale closed effective June 30, 2024.

5.  In connection with the Sale, Purchaser did not acquire certain obsolete inventory, including marine electronics such as GPS and navigation equipment, and older satellite phone models and accessories (collectively, the "Obsolete Inventory"). The Debtor estimates the value of the Obsolete Inventory at no more than between $25,000.00 to $30,000.00.

6.  The Debtor wishes to attempt to sell the Obsolete Inventory for the highest and best price(s) offered in the Debtor's business judgment in one or more sale transactions. No specific buyers have been identified; however, in an effort to minimize fees, the Debtor files this Motion.

7.  The proceeds to be received from the Obsolete Inventory shall be deposited into trust with undersigned counsel. A report of sale shall be filed in connection with each sale, including the items purchased and sale proceeds received.

8.  Although the Obsolete Inventory is being sold online, the same as prior to the Sale, it is questionable whether any such sale(s) would occur within or outside the ordinary course of business. Accordingly, the Debtor files this Motion in an abundance of caution.

### **RELIEF REQUESTED§**

9.  The Debtor respectfully requests that the Court authorize the Debtor to (a) sell the Obsolete Inventory for the highest and best price, in the Debtor's business judgment, and (b) deposit the proceeds of sale in trust with Debtor's counsel (net of any sales taxes that may be owed).

## ARGUMENTS AND LEGAL AUTHORITY
## IN SUPPORT OF RELEF

10. Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *11 U.S.C. § 105(a).*

11. Although section 363(c)(1) of the Bankruptcy Code authorizes the sale of assets in the ordinary course of the Debtor's business, section 363 of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

12. Courts interpreting section 363(b) have approved non-ordinary course sales even where substantially all of a debtor's assets were being sold prior to a proposal of a plan of reorganization. *In re Parkstone Med. Info. Sys.*, 2001 WL 36189822 at *1 (Bankr. S.D. Fla. Oct. 16, 2001) (Hyman, J.); *In re Lionel Corp.*, 722 F.2d 1063, 1070-1071 (2d Cir. 1983); *In re Baldwin United Corp.*, 43 B.R. 888, 905 (Bankr. S.D. Ohio 1984); *In re Tower Automotive, Inc.*, 342 B.R. 158, 163-164 (Bankr. S.D.N.Y. 2006) (discussing legal standards governing asset sales outside the plan process).

13. However, a debtor must establish "sound business judgment" for such a transaction. *See In re Lorraine Brooke Associates, Inc.*, 2007 WL 2257608 at *4 (Bankr. S.D. Fla. 2007) (Cristol, J.) (applying business judgment test in assessing 363(b) motion in chapter 7 proceedings) (*citing In re Delaware & Hudson Railway Co.*, 124 B.R. 169, 175-176 (D. Del. 1991); *In re Titusville Country Club*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991). The "sound business judgment" test requires a debtor to establish that: (a) a sound business reason justifies the sale outside the ordinary course of business; (b) accurate and reasonable notice has been provided to

3

interested parties; (c) that the debtor has obtained a fair and reasonable price; and (d) good faith. *Id.*; *see also In re Equity Management Systems*, 149 B.R. 120, 124 (applying same factors); *In re Phoenix Steel Corporation*, 82 B.R. 334, 335 (Bankr. D. Del. 1987) (same); *In re Jon J. Peterson, Inc.*, 411 B.R. 131, 136 (Bankr. W.D.N.Y. 2009) (same) (*citing In re Lionel Corp.*, 722 F.2d at 1071 and *Phoenix Steel*, 82 B.R. at 335).

14. The Debtor respectfully submits that sound business reasons justify the sale of the Obsolete Inventory. *First*, the Debtor believes that the proposed sale is the best way to maximize the value of the Obsolete Inventory for the benefit of all creditors. *Second*, the net cash to be realized from the sale of the Obsolete Inventory shall provide additional recoveries for the benefit of unsecured creditors, since the Debtor believes that all holders of secured claims have been paid in full.

**B.     The Sale Should be Free and Clear of all Liens**

15. The Debtor submits that it is appropriate to sell the Obsolete Inventory free and clear of claims, liens, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code. Section 363(f) of the Bankruptcy Code authorizes a debtor to sell assets free and clear of liens, claims, interests, and encumbrances if:

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interests;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;
(4) such interest is in *bona fide* dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). This provision is supplemented by section 105(a) of the Bankruptcy Code.

16. Because section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of the five requirements will suffice to permit the sale of the Sale Assets

"free and clear" of claims, liens, interests and encumbrances. *In re Decora Indus., Inc.,* Case No. 00-4459 (JJF), 2002 WL 32332749, at *7 (D. Del. May 20, 2002) ("Because § 363(f) is drafted in the disjunctive, the satisfaction of any of the requirements outlined is sufficient to warrant the Debtor's sale of the Assets free and clear of all Interests as provided in the Stalking Horse Agreement, except with respect to such Interests as are assumed liabilities pursuant to the Stalking Horse Agreement."); *Citicorp Homeowners Servs., Inc.* v. *Elliot (In re Elliot),* 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988) (same).

17. Here, Popular Bank and the Small Business Administration have been paid in full. Indeed, the Court previously authorized the disbursement of Sale proceeds necessary to fully satisfy the claims of Popular Bank and the Small Business Administration. *See Order Granting Ex-Parte Motion for Entry of Order Authorizing Payoff Disbursements to Popular Bank and Small Business Administration* [ECF No. 209] (the "Disbursement Order").

18. In accordance with the Disbursement Order, funds have been disbursed to Popular Bank and the Small Business Administration in amounts sufficient to satisfy such claims in full.

19. Accordingly, the Debtor does not believe that any secured claims remain pending against the Debtor or the estate.

20. The Debtor respectfully submits that good and sufficient cause exists in support of the relief requested herein.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order granting the Motion, the proposed form of which is attached to this Motion as **Exhibit "A",** as well as granting any other and further relief that the Court may deem just and proper.

> SEESE, P.A.
> Attorneys for Debtor-in-Possession
> 101 N.E. 3rd Avenue
> Suite 1500
> Ft. Lauderdale, Florida 33301
> Telephone No.: (954) 745-5897
> mseese@seeselaw.com
>
> By: ___*s/Michael D. Seese*___
> Michael D. Seese, Esq.
> Fla. Bar No. 997323

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion has been served electronically *via* CM/ECF upon all parties entitled to receive electronic notice on the date filed.

> */s/ Michael D. Seese, Esq.*
> Michael D. Seese
> (FBN 997323)

**EXHIBIT "A"**

*Proposed Order*

\

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| IN RE: | CASE NO. 23-15483-LMI |
|---|---|
| ART OLDCO, INC. (f/k/a ATLANTIC RADIO TELEPHONE, INC.), <br><br> Debtor. | CHAPTER 11 |

**ORDER GRANTING**
**DEBTOR'S MOTION FOR ORDER AUTHORIZING**
**SALE OF OBSOLETE INVENTORY FREE AND CLEAR**
**OF CLAIMS, LIENS, INTERESTS, AND ENCUMBRANCES**
**PURSUANT TO 11 U.S.C. §§ 363(b) AND (f)**

**THIS MATTER** came before the Court on _____, 2024, upon the scheduled

hearing (the "Hearing") on the Debtor's *Motion for Order Authorizing Sale of Obsolete Inventory*

*Free and Clear of Claims, Liens, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 363(b)*

*and (f)*[1] [ECF No.    ] (the "<u>Motion</u>"), and the Court, having reviewed the file, having found good and sufficient cause exists in support of the relief requested, and being otherwise fully advised in the premises and based further on the entire record of the Hearing, it is

    **ORDERED** as follows:

    1.    The Motion is GRANTED as provided herein.

    2.    The Debtor is authorized to (a) sell the Obsolete Inventory for the highest and best price, in the Debtor's business judgment, and (b) deposit the proceeds of sale in trust with Debtor's counsel (net of any sales taxes that may be owed).

    3.    To the extent necessary, the automatic stay in effect pursuant to 11 U.S.C. § 362(a) is modified for purposes of implementing the provisions of this Order.

    5.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:

Michael D. Seese, Esq.
Seese, P.A.
101 N.E. 3rd Avenue, Suite 1500
Ft. Lauderdale, FL 33301
Telephone No.: (954) 745-5897
mseese@seeselaw.com

Copies to:

Michael D. Seese, Esq., who is directed to serve a copy of this Order upon all non-registered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.

---

[1] Unless defined herein, defined terms shall have the meanings ascribed to such terms in the Motion.